# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DONALD ASTAR,

    Plaintiff,

v.

THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

    Defendant.

No. 18 CV 4895

Judge Manish S. Shah

## MEMORANDUM OPINION AND ORDER

When Donald Astar turned 65, Northwestern Mutual refused to renew his four disability-insurance policies. Astar filed this lawsuit, alleging that Northwestern Mutual's refusal breached the terms of those policies and was vexatious and unreasonable in violation Illinois law. Northwestern Mutual moves to dismiss. For the reasons discussed below, its motion is granted in part, denied in part.

### I. Legal Standards

A complaint may be dismissed pursuant to Rule 12(b)(6) if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). All reasonable inferences are drawn in favor of the non-movant.

*Squires-Cannon v. Forest Preserve Dist. of Cook Cty.*, 897 F.3d 797, 802 (7th Cir. 2018).

## II. Background

Plaintiff Donald Astar purchased four disability-insurance policies from defendant Northwestern Mutual Life Insurance Company between 1981 and 1997. [1-1] at 3–4.[1] The policies guaranteed annual renewal up until Astar's 65th birthday. *See id.* at 7. Once Astar turned 65, each policy provided a conditional right of renewal up until his 75th birthday, stating:

> On each policy anniversary between the Insured's 65th and 75th birthdays, the Owner may renew this policy for one year if the Insured is actively and gainfully employed on a full-time basis. To renew this policy, the Owner must send a written request to the Company each year. This right to renew ends on the first anniversary on which the Insured is not so employed or on which the Owner chooses not to renew the policy. For a policy that is renewed: benefits are payable only for total disability; and the premium for each year of renewal will be based on the Insured's age and the Company's rates in use at the time of renewal.

*Id.* at 4.[2] Astar turned 65 on August 17, 2017, and he sent a letter twelve days later exercising his conditional right to renew the policies. *Id.* at 4. In his letter, Astar wrote that he had "been basically totally disabled for over ten years." *Id.* at 120. He continued, "[a]s I go into retirement, my disease remains active and I continue to face all my previous disease related issues. Additionally, on my 65th birthday . . . I suffered a further disabling Stroke." *Id.* at 121. At the time he sent his request for

---

[1] Bracketed numbers refer to entries on the district court docket, and page numbers refer to the CM/ECF header placed at the top of filings.

[2] The different policies contain slight variations in this language. *See* [1-1] at 12, 108.

renewal, Astar was employed full time and received partial disability benefits from Northwestern Mutual. *Id.* at 4.

Astar's policies provided coverage for both partial and full disabilities. *See id.* at 10. For each disability, the policies limited benefits to a Maximum Benefit Period, defined as "the longest period of time that benefits are payable for disability. After the Beginning Date, benefits continue to be payable for as long as the Insured remains disabled or until the end of the Maximum Benefit Period, if sooner." *See id.* "Each separate time the Insured is disabled, a new Initial Period, Beginning Date and Maximum Benefit Period start. However, a disability is considered to be a continuation of one that started earlier, and is not separate unless:" (1) the cause of the two disabilities was not medically related and the insured resumed the principal duties of his occupation on a full-time basis for at least 30 consecutive days or (2) the cause was medically related and the later disability started at least 6 months after the end of the earlier one. *See, id.* at 11.[3] Astar's policies all had different maximum benefit periods, which corresponded with the policy anniversary in the year after Astar's 65th birthday and provided that the maximum benefit period could not be less than 24 months. *See id.* at 27 (stating that that maximum benefit period for the first policy was "to September 1, 2017, but not less than 24 months of benefits"); *see also id.* at 73, 91 and 103 (same, but ending on October 2, 2017; March 28, 2018; and August 28, 2017 respectively). Northwestern Mutual denied Astar's request to renew his policies. *Id.* at 5.

---

[3] Again, the exact language in the policies varied. [1-1] at 55, 107.

3

## III. Analysis

Astar filed this lawsuit in the Circuit Court of Lake County alleging that Northwestern Mutual breached the disability-insurance policies by refusing to renew them and that its denial of his request to renew was vexatious and unreasonable. Northwestern Mutual then removed the action to this court based on diversity jurisdiction. *See* 28 U.S.C. § 1332(a).[4]

### A. Breach of the Insurance Policies

Northwestern Mutual argues that it was not required to renew Astar's coverage beyond his 65th birthday because he was not "actively and gainfully employed on a full-time basis." *See id.* at 4. In his complaint, Astar alleges that he was working full time when he asked for renewal. But Northwestern Mutual argues that this allegation is inconsistent with Astar's renewal request, where he claimed that he was "totally disabled." *See, e.g., In re Wade*, 969 F.2d 241, 249 (7th Cir. 1992) ("A plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment."). While being totally disabled could be inconsistent with working full time, the two are not mutually exclusive. In his request, Astar said that he had been "basically totally disabled for over ten years," and that during that time, despite his best efforts to keep his business afloat, it began

---

[4] Astar is a citizen of Illinois, and Northwestern Mutual is incorporated in, and has its principal place of business in, Wisconsin. Astar alleges an amount in controversy exceeding $75,000. Because I exercise diversity jurisdiction, state substantive law applies. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The parties agree that Illinois law governs Astar's breach of contract claim, and I apply Illinois law accordingly. *See RLI Ins. Co. v. Conseco, Inc.*, 543 F.3d 384, 390 (7th Cir. 2008) ("When neither party raises a conflict of law issue in a diversity case, the applicable law is that of the state in which the federal court sits.")

4

to fail. [1-1] at 120. This shows Astar referred to himself as totally disabled even though he was able to work in at least some capacity. He also wrote that throughout his disability he provided his business tax returns and profit and loss statements to Northwestern Mutual, which is consistent with the inference that he continued to work despite his disability. Because the two statements can be reconciled, viewing the facts in the light most favorable to Astar and drawing all reasonable inferences in his favor, he referred to himself as totally disabled even though he was employed on a full-time basis. Astar has adequately alleged, therefore, that he met the conditions for renewal and that in refusing to renew his coverage, Northwestern Mutual breached the policies.

Northwestern Mutual also argues that even if Astar is entitled to renewal of his policies, he has exceeded the maximum benefit periods for his existing disability. Astar does not disagree with this point, thereby forfeiting any argument to the contrary. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 n. 1 (7th Cir. 2011). Instead, Astar reiterates that his complaint is based on Northwestern Mutual's refusal to renew his policies, not his entitlement to benefits. Even if Astar has exceeded the maximum benefit periods for his current disability, he has still alleged that he was entitled to renewal of his policies and in turn eligible for benefits for any future qualifying disabilities. If Astar exceeded the maximum benefit period, or if Astar was not totally disabled (as defined in the policy) because he was working full time, then Northwestern Mutual owed him no benefits even if it should have renewed the policies and accepted Astar's premiums. But this does not mean that Astar has failed

to allege a plausible claim for breach of contract; it just means that after some factual development, Astar may be unable to prove liability or any damages.

### B. Vexatious Denial of a Claim

Astar also brings a claim under Section 155 of the Illinois Code, which provides for recovery of attorneys' fees and other costs when an insurer's denial of a claim was "vexatious and unreasonable." 215 ILCS 5/155. In support, Astar asserts that "Northwestern Mutual in refusing to renew the disability policies attached hereto . . . is unreasonable and vexatious." [1-1] at 6. Aside from this conclusory allegation, which need not be taken as true, *see Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014), Astar alleges no facts to support his claim that Northwestern Mutual's conduct rose to this level. And the language in Astar's request for renewal— where he claimed to be totally disabled and did not mention that he was employed full time—does not support an inference that Northwestern Mutual's conclusion that Astar did not qualify for renewal was unreasonable. Astar will have the opportunity to replead facts in support of his Section 155 claim, but as it stands now he has not adequately alleged vexatious and unreasonable conduct. *See* Fed. R. Civ. P. 15(a)(2); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) ("As a general matter, Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint or other pleading."). The claim is dismissed without prejudice.

## IV. Conclusion

Defendant's motion to dismiss [9] is granted in part, denied in part.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: November 21, 2018